

U. S. DEPARTMENT OF JUSTICE

*William J. Powell*
*United States Attorney's Office*
*Northern District of West Virginia*

---

Derek W. Hotsinpiller Federal Building
320 West Pike Street
Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
FAX: (304) 623-7031

**FILED**

MAR 3 0 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

August 17, 2020

David W. Frame, Esq.
Law Offices of David W. Frame
493 Washington Ave.
Clarksburg, WV 26301
By email: David.w.frame@gmail.com

    Re:    *United States v. Timmie Winselle,* Case No. 1:20cr 98

Dear Mr. Frame:

    This purpose of this letter is to extend to your client, Timmie Winselle (hereinafter referred to as "the Defendant"), the following plea offer:

    All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

    It is agreed between the United States and the Defendant as follows:

**1.    Plea:**

    A.    Upon the filing of an Information by the United States Attorney, a copy of which is attached hereto, the Defendant will waive his right to have this matter presented to a grand jury and will tender his plea of guilty to Count One charging him with Assault with a Dangerous Weapon with Intent to do Bodily Harm, in violation of Title 18, United States Code, Sections 7(3) and 113(a)(3).

    B.    The maximum penalty for the offense to which the Defendant will be exposed by virtue of his plea of guilty to Count One of the Information as stated in paragraph 1.A. above, would be imprisonment for a period of not more than ten (10) years, a fine of not more than $250,000.00, and three (3) years supervised release and a mandatory special assessment of $100.00 (18 U.S.C. § 3013), which must be paid before the date of sentencing by money order or certified check, made

---

X _____
Timmie Winselle,
Defendant

_____
David W. Frame, Esq.
Counsel for the Defendant

8-17-20
Date

12-17-2020
Date

David W. Frame, Esq.
August 17, 2020
Page 2

---

payable to the United States District Court. It is also understood that the Defendant might be required by the Court to pay the costs of his incarceration.

2. **Sentencing:**
   A. **Recommended Sentence:**
   1. The United States and the Defendant agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in this case is Twenty-four (24) months incarceration for Count One. Further, the parties agree to recommend that the sentence run consecutive to any sentence the Defendant is currently serving or which has been previously imposed. The court will also impose the mandatory Special Assessment of $100.00. No fine is recommended because the Defendant does not have the financial ability to pay a fine. The parties also recommend that no additional supervised release be imposed.

   2. The recommended sentence is considered by the government to be adequate under the circumstances of this case to provide a reasonable sentence for the Defendant's crime while disposing of the case without the expenditure of significant judicial or prosecutorial resources.

   B. **Sentencing Procedure:**
   1. The parties waive the right to have a full presentence investigation made prior to sentencing and request that the court impose the sentence immediately upon the acceptance of the guilty plea.

   2. Acknowledging that it is the court's responsibility to determine whether the agreed sentence is a reasonable sentence after considering the circumstances of the case and the background of the Defendant, the United States Attorney's Office and counsel for the Defendant agree to cooperate with any preliminary investigation the court may cause to be made prior to the plea hearing.

3. **Waivers:**
   A. Upon the condition that the court accepts this agreement and imposes the recommended sentence, the United States and the Defendant waive the right to appeal the sentence, or to appeal any other issue in this case, on any ground whatsoever.

   B. Upon the condition that the court accepts this agreement and imposes the recommended sentence, the Defendant waives his right to challenge his sentence or the manner in

---

X _[signature]_
Timmie Winselle,
Defendant

12-17-20
Date

_[signature]_
David W. Frame, Esq.
Counsel for the Defendant

12/17/2020
Date

David W. Frame, Esq.
August 17, 2020
Page 3

---

which it was determined by collateral attack, including but not limited to, by a motion brought under 28 U.S.C. § 2255 (habeas corpus).

C. Nothing in this paragraph will act as a bar to the Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

**4. Other Charges:**
A. In exchange for this plea of guilty, the United States agrees not to pursue any other charge(s) against the Defendant related to his conduct on or about November 18, 2019.

**5. Other Matters:**
A. The above four (4) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

B. The Defendant was not debriefed as a part of this plea agreement. Further, he did not provide any information or any substantial assistance to the government in this case or any other case. Therefore, the United States will not make a § 5K1.1 "substantial assistance to the government" motion for this defendant. Likewise, the United States will not make any motions pursuant to Federal Rule of Criminal Procedure 35 for this defendant. The government will not recommend any downward departure or variance below the consecutive statutory sentences as stated in Paragraph 2.A.1 on Page 2 of the plea agreement.

Very truly yours,

WILLIAM J. POWELL,
United States Attorney

By: _____
Christopher L. Bauer
Assistant United States Attorney

As evidenced by my signature at the bottom of the three (3) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____     12-17-20
Timmie Winselle,                 Date
Defendant

_____     12/17/2020
David W. Frame, Esq.             Date
Counsel for the Defendant

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

Criminal No._____
Violations: 18 U.S.C. § 7(3)
18 U.S.C. § 113(a)(3)

TIMMIE WINSELLE,

       Defendant.

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

(Assault with a Dangerous Weapon with Intent to do Bodily Harm)

On or about November 18, 2019, in Preston County, West Virginia, within the Northern District of West Virginia, the defendant, **TIMMIE WINSELLE**, at a place within the special maritime and territorial jurisdiction of the United States and on land acquired for the use of the United States and under its jurisdiction, namely, United States Penitentiary Hazelton, intentionally and forcibly assaulted another inmate, L.A., with a dangerous weapon and with the intent to do bodily harm to L.A., in violation of Title 18, United States Code, Sections 7(3) and 113(a)(3).

                                          WILLIAM J. POWELL
                                          United States Attorney

                                          Christopher L. Bauer
                                          Assistant United States Attorney